**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF TEXAS**
**EL PASO DIVISION**

| | | |
|---|---|---|
| **ROBERT MOORE** | § | |
|     **Plaintiff,** | § | |
| | § | |
| **v.** | § | **EP-19-CV-00279-DCG** |
| | § | |
| **U.S. IMMIGRATION AND CUSTOMS** | § | |
| **ENFORCEMENT; U.S. CUSTOMS AND** | § | |
| **BORDER PROTECTION; AND** | § | |
| **U.S. DEPARTMENT OF HEALTH** | § | |
| **AND HUMAN SERVICES,** | § | |
|     **Defendants.** | § | |

**DEFENDANTS' ANSWER**

COME NOW, Defendants, United States Immigration and Customs Enforcement ("ICE"), United States Customs and Border Protection ("CBP"), and United States Department of Health and Human Services ("HHS") (collectively referred hereinafter as "Defendants"), by and through the United States Attorney for the Western District of Texas, and respectfully files their Answer to Plaintiff's Original Complaint for Declaratory and Injunctive Relief ("Complaint") in the above-styled and numbered cause. To the extent that the Complaint refers to or quotes from external documents, statutes, or other sources, Defendants may refer to such materials for their accurate and complete contents in response; however, Defendants' references are not intended to be, and should not be construed to be, an admission that the cited materials: (a) are correctly cited or quoted by Plaintiff; (b) are relevant to this, or any other, action; or (c) are admissible in this, or any other, action. Defendants expressly deny all of the allegations in the Complaint that are not specifically admitted or otherwise qualified in this Answer. Defendants respond to the Complaint in like numbered paragraphs as follows:

# I.    PRELIMINARY STATEMENT[1]

1.      The allegations contained in paragraph 1 do not set forth a claim for relief or aver facts in support of a claim to which a response is required.  To the extent that a response is required, Defendants admit Plaintiff Robert Moore ("Plaintiff") is a reporter.  Defendants lack sufficient information to admit or deny the remaining allegations contained therein, and therefore deny the allegations.

2.      Defendants assert the allegations contained in paragraph 2 constitute Plaintiff's characterization of his action to which no response is required.  To the extent that a response is required, ICE admits Plaintiff submitted Freedom of Information Act ("FOIA") requests 2019-ICFO-49560 on June 22, 2018.  ICE further admits Plaintiff submitted FOIA request 2019-ICFO-33608 on March 26, 2019.  CBP admits Plaintiff submitted FOIA request CBP-2018-064544 (subsequently changed to CBP-OIT-20180064544) on June 16, 2016.  CBP further admits Plaintiff submitted FOIA request CBP-2019-010211 (subsequently changed to CBP-OFO-2019-010211) on November 11, 2018.  HHS admits Plaintiff submitted FOIA request 2018-01128-FOIA-OS on June 22, 2018.  Defendants deny the remaining allegations contained in paragraph 2.

3.       Defendants assert the allegations contained in paragraph 3 constitute a conclusion of law to which no response is required.

4.      Defendants assert the allegations contained in paragraph 4 constitute a conclusion of law to which no response is required.

---

[1] Merely for ease of reference, Defendants' Answer replicates the headings contained in the Complaint.  Although Defendants believe that no response is required to such headings, to the extent a response is deemed required and to the extent those headings and titles could be construed to contain factual allegations, those allegations are denied.

5.     Defendants assert the allegations contained in paragraph 5 constitute Plaintiff's characterization of his action to which no response is required.  To the extent that a response is required, ICE admits Plaintiff submitted FOIA requests 2019-ICFO-49560 on June 22, 2018, and FOIA request 2019-ICFO-33608 on March 26, 2019.  CBP admits Plaintiff submitted FOIA request CBP-2018-064544 (subsequently changed to CBP-OIT-20180064544) on June 16, 2016, and FOIA request CBP-2019-010211 (subsequently changed to CBP-OFO-2019-010211) on November 11, 2018.  HHS admits Plaintiff submitted FOIA request 2018-01128-FOIA-OS on June 22, 2018.  Defendants each admit that as of the date of the instant filing, they have not produced any responsive records.  Except as specifically admitted, Defendants deny all remaining allegations in paragraph 5.

6.     Defendants assert the allegations contained in paragraph 6 constitute Plaintiff's characterization of his action to which no response is required.  To the extent that a response is required, Defendants deny the allegations.

7.     Defendants deny the allegations in paragraph 7 of Plaintiff's Complaint.

## II.     JURISDICTION AND VENUE

8.     In response to paragraph 8 of Plaintiff's Complaint, Defendants assert that this paragraph contains jurisdictional allegations to which no response is required.  To the extent a response is required, Defendants admit generally that this Court has jurisdiction over FOIA matters pursuant to 5 U.S.C. § 552(a)(4)(B).  Defendants further admit that Plaintiff seeks declaratory relief pursuant to 28 U.S.C. §§ 2201(a) and 2202.  Defendants deny that Plaintiff is entitled to said relief.  Defendants assert Plaintiff's reference to 28 U.S.C. § 1331 is unnecessary given the provisions of the FOIA.

9.      In response to paragraph 9 of Plaintiff's Complaint, Defendants assert that the allegations contained in this paragraph attempt to establish jurisdiction in this matter and are each a conclusion of law to which no response is required.  To the extent a response is required, Defendants admit if there exists jurisdiction to hear this case, venue is proper in the Western District of Texas, El Paso Division.

### III.      PARTIES

10.      In response to paragraph 10 of Plaintiff's Complaint, Defendants admit Plaintiff is a journalist.  Defendants lack sufficient information to admit or deny the remaining allegations contained in paragraph 10, and therefore deny the allegations.

11.      In response to paragraph 11 of Plaintiff's Complaint, Defendants admit Plaintiff previously worked for the El Paso Times and has written for regional and national news organizations.  Defendants lack sufficient information to admit or deny the remaining allegations contained in paragraph 11, and therefore deny the allegations.

12.      In response to paragraph 12 of Plaintiff's Complaint, Defendants lack sufficient information to admit or deny the allegations contained therein, and therefore deny the allegations in paragraph 12.

13.      In response to paragraph 13 of Plaintiff's Complaint, Defendants lack sufficient information to admit or deny the allegations contained therein, and therefore deny the allegations in paragraph 13.

14.      In response to paragraph 14 of Plaintiff's Complaint, Defendants assert that the allegations contained in this paragraph attempt to establish jurisdiction in this matter and each are a conclusion of law to which no response is required.  To the extent a response is required, Defendants deny the allegations contained therein.

15.     In response to paragraph 15 of Plaintiff's Complaint, Defendants admit the allegations contained therein.

16.     In response to paragraph 16 of Plaintiff's Complaint, Defendants admit the allegations contained therein.

17.     In response to paragraph 17 of Plaintiff's Complaint, Defendants admit the allegations contained therein.

## IV.     FACTS

### A.     First Request.[2]

18.     In response to paragraph 18 of Plaintiff's Complaint, CBP admits Plaintiff submitted FOIA request number CBP-2018-064544 seeking "any and all directives, emails, text messages and other communications from CBP officials regarding the handling of potential asylum seekers at ports of entry when port facilities are at 'capacity.'  The period covered by this request was Jan. 1, 2018, to June 16, 2018."

19.     In response to paragraph 19 of Plaintiff's Complaint, CBP admits Plaintiff received an automated response on June 19, 2018 confirming CBP's receipt of FOIA request number CBP-2018-064544.  CBP respectfully refers the Court to the document for a complete and accurate description of its contents.

20.     In response to paragraph 20 of Plaintiff's Complaint, CBP denies the allegations contained therein.

---

[2] Paragraphs 18–25 of Plaintiff's Complaint relate exclusively to a FOIA request submitted by Plaintiff to CBP.  Accordingly, CBP responds to said paragraphs.  ICE and HHS lack sufficient information to admit or deny the allegations in said paragraphs, and therefore deny the allegations.

21.     In response to paragraph 21 of Plaintiff's Complaint, CBP admits the allegations contained therein.  CBP respectfully refers the Court to the document for a complete and accurate description of its contents.

22.     In response to paragraph 22 of Plaintiff's Complaint, CBP admits the allegations contained therein.  CBP respectfully refers the Court to the document for a complete and accurate description of its contents.

23.     In response to paragraph 23 of Plaintiff's Complaint, CBP admits that on March 27, 2019, Plaintiff was advised that a fee waiver for FOIA request CBP-OIT-2018-064544 was granted.  CBP respectfully refers the Court to the document for a complete and accurate description of its contents.

24.     In response to paragraph 24 of Plaintiff's Complaint, CBP admits that on July 1, 2019, Plaintiff forwarded an email to Andrew Meehan wherein Plaintiff references FOIA request number CBP-2018-064544.  CBP lacks sufficient information to admit or deny the remaining allegations contained therein, and therefore denies the allegations.  CBP respectfully refers the Court to the document for a complete and accurate description of its contents.

25.     In response to paragraph 25 of Plaintiff's Complaint, CBP admits that as of the date of the instant filing, CBP has not produced any responsive records and has not made a determination regarding Plaintiff's request.

**B.      Second Request.[3]**

26.      In response to paragraph 26 of Plaintiff's Complaint, ICE admits the allegations contained therein.  ICE respectfully refers the Court to the document for a complete and accurate description of its contents.

27.      In response to paragraph 27 of Plaintiff's Complaint, ICE admits that on June 27, 2018, Plaintiff was notified that his FOIA request fell under the Department of Homeland Security Privacy Office and his request was forwarded to their office.  ICE respectfully refers the Court to the document for a complete and accurate description of its contents.

28.       In response to paragraph 28 of Plaintiff's Complaint, ICE lacks sufficient information to admit or deny the allegations contained therein, and therefore denies the allegations.

29.      In response to paragraph 29 of Plaintiff's Complaint, ICE admits that on July 1, 2019, Plaintiff forwarded an email to Andrew Meehan wherein Plaintiff references FOIA request number CBP-2018-064544.  ICE lacks sufficient information to admit or deny the remaining allegations contained therein, and therefore denies the allegations.  ICE respectfully refers the Court to the document for a complete and accurate description of its contents.

30.      In response to paragraph 30 of Plaintiff's Complaint, ICE admits that on July 16, 2019, Plaintiff sent an email to Department of Homeland Security Privacy Office requesting the status of his June 22, 2018 FOIA request that he had submitted to ICE.  ICE respectfully refers the Court to the document for a complete and accurate description of its contents.

31.      In response to paragraph 31 of Plaintiff's Complaint, ICE admits that on July 19, 2019, Plaintiff was advised that FOIA request number 2019-HQFO-01024 was being transferred

---

[3] Paragraphs 26–34 of Plaintiff's Complaint relate exclusively to a FOIA request submitted by Plaintiff to ICE.  Accordingly, ICE responds to said paragraphs.  CBP and HHS lack sufficient information to admit or deny the allegations in said paragraphs, and therefore deny the allegations.

to the FOIA Officer for ICE.  ICE respectfully refers the Court to the document for a complete and accurate description of its contents.  ICE respectfully refers the Court to the letter for a complete and accurate description of its contents.

32.     In response to paragraph 32 of Plaintiff's Complaint, ICE admits that on July 29, 2019, Plaintiff was sent correspondence from ICE relating to FOIA request number 2019-ICFO-49560.  ICE respectfully refers the Court to the document for a complete and accurate description of its contents.  ICE denies the allegations to the extent that Plaintiff alleges that ICE "falsely claimed it received" the request on July 19, 2019.

33.     In response to paragraph 33 of Plaintiff's Complaint, ICE admits that in its July 29, 2019 correspondence to Plaintiff, ICE advised that it had determined Plaintiff's request was too broad in scope.  ICE respectfully refers the Court to the document for a complete and accurate description of its contents.  ICE denies that it received clarification of Plaintiff's request on the same day.

34.     In response to paragraph 34 of Plaintiff's Complaint, ICE admits that as of the date of the instant filing, ICE has not produced any responsive records.  ICE denies it has not made a determination regarding Plaintiff's request.

**C.     Third Request.[4]**

35.     In response to paragraph 35 of Plaintiff's Complaint, HHS admits that on June 22, 2018, Plaintiff submitted FOIA request number 2018-01128-FOIA-OS seeking "[a]n memoranda of understanding or agreement between the Department of Health and Human Services and the Department of Homeland Security since Jan. 20, 2017" and "[a]ny correspondence, including

---

[4] Paragraphs 35–41 of Plaintiff's Complaint relate exclusively to a FOIA request submitted by Plaintiff to HHS.  Accordingly, HHS responds to said paragraphs.  CBP and ICE lack sufficient information to admit or deny the allegations in said paragraphs, and therefore deny the allegations.

emails and text messages, regarding access to HHS databases, including those maintained by the Office of Refugee Resettlement, by Department of Homeland Security officials. (Date Range for Record Search: From 01/20/2017 To 06/22/2018)."

36.    In response to paragraph 36 of Plaintiff's Complaint, HHS admits that on June 22, 2018, HHS acknowledged receipt of Plaintiff's FOIA request number 2018-01128-FOIA-OS and was referring the request to the Administration for Children and Families ("ACF"). HHS respectfully refers the Court to the document for a complete and accurate description of its contents.

37.    In response to paragraph 37 of Plaintiff's Complaint, HHS admits that on August 1, 2018, ACF acknowledged receipt of Plaintiff's FOIA request and referenced said request as case no. 18-F-0410. HHS respectfully refers the Court to the document for a complete and accurate description of its contents.

38.    In response to paragraph 38 of Plaintiff's Complaint, HHS admits that on September 12, 2018, Plaintiff sent an email to ACF requesting the status of his June 22, 2018 FOIA request number 2018-01128-FOIA-OS. HHS further admits on September 12, 2018, ACF responded to Plaintiff's status request. HHS denies Plaintiff's characterization of the document. HHS respectfully refers the Court to the document for a complete and accurate description of its contents.

39.    In response to paragraph 39 of Plaintiff's Complaint, HHS admits that on September 23, 2019, Plaintiff sent an email to ACF requesting the status of a FOIA request. HHS respectfully refers the Court to the document for a complete and accurate description of its contents. HHS lacks sufficient information to admit or deny the remaining allegations contained in paragraph 39, and therefore denies the allegations.

40.     In response to paragraph 40 of Plaintiff's Complaint, HHS admits it sent an email to Plaintiff on September 25, 2019, seeking clarification of Plaintiff's request.  HHS respectfully refers the Court to the document for a complete and accurate description of its contents.  HHS lacks sufficient information to admit or deny the remaining allegations contained in paragraph 40, and therefore denies the allegations.

41.     In response to paragraph 41 of Plaintiff's Complaint, HHS admits that as of the date of the instant filing, HHS has not produced any responsive records and has not made an agency determination regarding Plaintiff's request.

**D.     Fourth Request.[5]**

42.     In response to paragraph 42 of Plaintiff's Complaint, CBP admits that on November 11, 2018, Plaintiff submitted FOIA request number CBP-2019-010211.  CBP respectfully refers the Court to the document for a complete and accurate description of its contents.

43.     In response to paragraph 43 of Plaintiff's Complaint, CBP admits that on November 27, 2018, CBP sent an email to Plaintiff regarding FOIA request number CBP-2019-010211.  CBP respectfully refers the Court to the document for a complete and accurate description of its contents.

44.     In response to paragraph 44 of Plaintiff's Complaint, CBP admits that on July 22, 2019, CBP sent an email to Plaintiff notifying him that his FOIA request number CBP-2019-010211 had been changed to number CBP-OFO-2019-012011.  CBP respectfully refers the Court to the document for a complete and accurate description of its contents.

---

[5] Paragraphs 42–45 of Plaintiff's Complaint relate exclusively to a FOIA request submitted by Plaintiff to CBP.  Accordingly, CBP responds to said paragraphs.  ICE and HHS lack sufficient information to admit or deny the allegations in said paragraphs, and therefore deny the allegations.

45.     In response to paragraph 45 of Plaintiff's Complaint, Defendant admits that as of the date of the instant filing, CBP has not produced any responsive records and has not made a determination regarding Plaintiff's request.

**E.     Fifth Request.[6]**

46.     In response to paragraph 46 of Plaintiff's Complaint, ICE lacks sufficient information to admit or deny whether Plaintiff submitted a FOIA request to ICE on March 29, 2019, and therefore denies the allegations.  ICE admits Plaintiff submitted a FOIA request to ICE on March 26, 2019.  ICE respectfully refers the Court to the document for a complete and accurate description of its contents.

47.     In response to paragraph 47 of Plaintiff's Complaint, ICE admits that on April 9, 2016, ICE acknowledged receipt of Plaintiff's FOIA request and referenced said request as case number 2019-ICFO-33608.  ICE respectfully refers the Court to the document for a complete and accurate description of its contents.

48.     In response to paragraph 48 of Plaintiff's Complaint, ICE admits that on April 9, 2019, Plaintiff sent an email to ICE.  ICE respectfully refers the Court to the document for a complete and accurate description of its contents.

49.     In response to paragraph 49 of Plaintiff's Complaint, ICE admits that on April 24, 2019, ICE sent Plaintiff an email relating to a Certification of Identity form.  ICE respectfully refers the Court to the document for a complete and accurate description of its contents.

50.     In response to paragraph 50 of Plaintiff's Complaint, ICE admits that on April 29, 2019, Plaintiff sent an email to ICE referencing FOIA request number 2019-ICFO033608.  ICE

---

[6] Paragraphs 46–51 of Plaintiff's Complaint relate exclusively to a FOIA request submitted by Plaintiff to ICE.  Accordingly, ICE responds to said paragraphs.  CBP and HHS lack sufficient information to admit or deny the allegations in said paragraphs, and therefore deny the allegations.

respectfully refers the Court to the document for a complete and accurate description of its contents.

51.     In response to paragraph 51 of Plaintiff's Complaint, Defendant admits that as of the date of the instant filing, ICE has not produced any responsive records.  ICE denies it has not made a determination regarding Plaintiff's request.

## V.     CLAIMS FOR RELIEF

### COUNT ONE: VIOLATION OF THE FREEDOM OF INFORMATION ACT
### 5 U.S.C. § 552(a)(4)(B)
### UNLAWFUL WITHHOLDING OF AGENCY RECORDS BY ALL DEFENDANTS

52.     In response to paragraph 52 of Plaintiff's Complaint, Defendants assert that no response is required.  Defendants adopt and incorporate their answers, denials, assertions, and averments provided in response to paragraphs 1 through 51 of Plaintiff's Complaint.

53.     In response to paragraph 53 of Plaintiff's Complaint, Defendants assert that the allegation contained in this paragraph is a conclusion of law to which no response is required.  To the extent a response is required, Defendants deny the allegation contained therein.

54.     In response to paragraph 54 of Plaintiff's Complaint, Defendants assert that the allegation contained in this paragraph is a conclusion of law to which no response is required.  To the extent a response is required, Defendants deny the allegation contained therein.

55.     In response to paragraph 55 of Plaintiff's Complaint, Defendants assert that the allegation contained in this paragraph is a conclusion of law to which no response is required.  To the extent a response is required, Defendants deny the allegation contained therein.

56.     In response to paragraph 56 of Plaintiff's Complaint, Defendants assert that the allegation contained in this paragraph is a conclusion of law to which no response is required.  To the extent a response is required, Defendants deny the allegation contained therein.

## VI.     REQUEST FOR RELIEF

This section, to include subparts 1-5, sets forth Plaintiff's prayer for relief to which no response is required.  To the extent a response is required, Defendants deny that Plaintiff is entitled to the relief requested.

## AFFIRMATIVE DEFENSES

1.     The Complaint fails to state a claim on which relief can be granted.

2.     The Court lacks subject matter jurisdiction over Plaintiff's request for relief to the extent that it exceeds the relief authorized by statute under FOIA, 5 U.S.C. § 552.

3.     There is no provision of the FOIA for obtaining declaratory relief.  At all times alleged in the Complaint, Defendants were acting in good faith, with justification, and pursuant to authority.  Defendants respectfully request and reserve the right to amend, alter, and supplement the defenses contained in this Answer as the facts and circumstances giving rise to the Complaint become known through the course of the litigation.

4.     Plaintiff is not entitled to compel the production of records protected from disclosure by one or more of the exemptions to the FOIA, 5 U.S.C. § 552.

WHEREFORE, Defendants pray that Plaintiff's claims for relief be denied, that judgment be entered in favor of Defendants, and for such other and further relief as the Court deems proper.

Respectfully submitted,

**JOHN F. BASH**
UNITED STATES ATTORNEY

 /s/ Manuel Romero
**MANUEL ROMERO**
Assistant United States Attorney
Texas State Bar No. 24041817
700 E. San Antonio, Ste. 200
El Paso, Texas 79901
Office: (915) 534-6884
Facsimile: (915) 534-6555
Email: manuel.romero@usdoj.gov
*Attorneys for Defendants*


## CERTIFICATE OF SERVICE

I hereby certify that on the 6th day of November, 2019, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system which will send notification of such filing to the following CM/ECF participants: Lynn Coyle and Christopher Benoit, *Attorneys for Plaintiff*.


 /s/ Manuel Romero
**MANUEL ROMERO**
Assistant United States Attorney