**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF TEXAS**
**EL PASO DIVISION**

| | | |
|---|---|---|
| **ROBERT MOORE** | § | |
| **Plaintiff,** | § | |
| | § | |
| **v.** | § | **EP-19-CV-00279-DCG** |
| | § | |
| **U.S. IMMIGRATION AND CUSTOMS** | § | |
| **ENFORCEMENT; U.S. CUSTOMS AND** | § | |
| **BORDER PROTECTION; AND** | § | |
| **U.S. DEPARTMENT OF HEALTH** | § | |
| **AND HUMAN SERVICES,** | § | |
| **Defendants.** | § | |

**DEFENDANT CBP'S SURREPLY TO PLAINTIFF'S SURREPLY TO DEFENDANT'S REPLY TO PLAINTIFF'S RESPONSE TO CBP'S OPPOSED MOTION FOR *OPEN AMERICA* STAY AND EXTENSION OF FINITE PRODUCTION SCHEDULE**

Defendant Customs and Border Protection (CBP) moves for an *Open America Stay* and files this surreply to address issues raised in Plaintiff's Surreply, which include an inadvertent error in CBP's Reply. In support of this motion, CBP states as follows:

Plaintiff's Surreply notes CBP misquotes Mr. Campbell's testimony. *See* ECF No. 69, p. 3. CBP acknowledges it inadvertently and incorrectly cited Mr. Campbell's declaration as referencing 26,000 – 43,000 *pages* instead of 26,000 – 43,000 *documents* regarding request CBP-2018-064544.[1] *See* ECF No. 64, p. 23, ¶ 23. However, despite this inadvertent error, the basis supporting CBP's proposed production schedule remains well founded.

CBP's proposed production schedule seeks a stay until at least June 30, 2021. ECF No. 59, p. 15. CBP commits to completing final supervisory review of <u>at least</u> 5,000 pages of records per

[1] The number of documents does not necessarily equal the same number of pages. A document may consist multiple pages.

EXHIBIT
A

month. *Id*., pp. 13-14.[2] Although CBP cannot commit to completing all production by June 30, 2021, CBP will strive for completion by said date and at a minimum believes significant progress can be accomplished. *See* ECF No. 59, p. 15. In contrast, Plaintiff proposes an unrealistic final production date of March 31, 2021. *See* ECF No. 64, p. 15.

Plaintiff accepts CBP's page estimation of 90,000 – 150,000 potentially responsive pages for request CBP-2018-064544. *See* ECF No. 69, p. 3. Mr. Campbell asserts CBP can review these pages in 175 days. *See* ECF No. 64, p. 23, ¶ 23. Thus, assuming CBP could work 7 days a week processing Plaintiff's request, Plaintiff's own estimation is that it would take a minimum of 25 weeks to complete production for this request.[3] Twenty-five weeks from the date of Mr. Campbell's declaration is May 31, 2021. However, Mr. Campbell's estimation does not account for the estimated 43,900 pages of unprocessed records remaining for request CBP-OFO-2019-010211. *See* ECF No. 59, p. 24, ¶ 27. Applying Mr. Campbell's calculation methodology to theses 43,900 pages extends the production timeline another 63 days, or until August 2, 2021.[4]

Mr. Campbell further asserts the 175-day time period could be cut in half if two attorneys were allocated to Plaintiff's request. ECF No. 64, p. 23, ¶ 23. Mr. Campbell's assertion is misguided and conflicts with the FOIA processes described by Mr. Howard. *See* ECF No. 59, p. 21, ¶ 15. CBP estimates each FOIA processor working exclusively on Plaintiff's requests can review an average of 12,500 pages or records each month. *Id*., p. 24, ¶ 30. Thus, two FOIA

[2] CBP has dedicated two full-time employees to work exclusively on Plaintiff's requests. CBP estimates these employees can conduct initial processing on approximately 25,000 pages of records each month. ECF No. 58-2, p. 8, ¶ 36.

[3] 175 days divided by 7 days per week equals 25 weeks.

[4] 43,900 pages divided by 3.5 pages per document equals approximately 12,543 documents. 12,543 documents divided by 25 documents reviewed per hour equals approximately 502 hours. 502 hours divided by 8 hours per day equals approximately 63 days. *See* ECF No. 64, p. 23, ¶ 23.

processors can review approximately 150,000 pages of records in approximately 180 days.[5] However, these records must then undergo final supervisory review. *Id. See also id*., p. 21, ¶ 15. Mr. Campbell fails to account for this final supervisory review to which CBP commits to completing a minimum of 5,000 pages per month, or ten times its average rate. *See id*., p. 24, ¶ 31. The CBP FOIA Division only has four supervisory employees. *Id*. at p. 20, ¶ 8. CBP processes approximately 7,200 FOIA requests per month. *Id*. p. 21, ¶ 16. It is unreasonable, and detrimental to other pending FOIA requests, for CBP to dedicate half its supervisory employees exclusively to processing Plaintiff's requests.

Finally, Plaintiff cites *Nightingale v. U.S. Citizenship & Immigration Services*, a non-binding and distinguishable case, to support his assertion that CBP has not engaged in reasonable efforts to reduce its backlog. ECF No. 69, pp. 1-3. In *Nightingale*, the Court examined whether DHS, USCIS and ICE were complying with FOIA requirements in responding to requests for Alien Registration Files (A-Files). *See Nightingale v. U.S. Citizenship & Immigration Services*, No. 19-CV-03512-WHO, -- F.Supp. 3d --, 2020 WL 7640547 (N.D. Cal Dec. 17, 2020). The Court noted that delays in processing A-File FOIA requests deprives persons of information to defend against removal, obtain benefits, or gain citizenship. *Id*. at *1. *Nightingale* is inapplicable to the instant matter as CBP was not a party to that case. DHS components have decentralized operations with independent responsibility for establishing, operating, and appropriately resourcing their FOIA operations. *See* ECF No. 67, p. 4. *See also id*., p. 26. Thus, the *Nightingale* Court did not examine CBP's efforts to reduce its backlog. In the instant case, Plaintiff himself asserts CBP's backlog increased from 1,008 requests in fiscal year 2017 to 10,466 requests for fiscal year 2019. However,

[5] 12,500 pages per month times 2 employees equals 25,000 pages per month. 150,000 pages divided by 25,000 pages per month equals 6 months. Estimating 30 day per month times 6 months equals 180 days.

as of November 17, 2020, the CBP "FOIA Division has a backlog of over 1,000 requests." ECF No. 59, p. 20, ¶ 6. Plaintiff's reliance on *Nightingale* fails to account for this decrease in CBP's backlog of FOIA requests.

CBP respectfully requests that the Court grant its motion and stay proceedings in this case with respect to Plaintiff's requests until June 30, 2021.

Respectfully submitted,

**GREGG N. SOFER**
UNITED STATES ATTORNEY

/s/ Manuel Romero
**MANUEL ROMERO**
Assistant United States Attorney
Texas State Bar No. 24041817
700 E. San Antonio, Ste. 200
El Paso, Texas 79901
Office: (915) 534-6555
Facsimile: (915) 534-3490
Email: manuel.romero@usdoj.gov
*Attorneys for Defendants*

## CERTIFICATE OF SERVICE

I hereby certify that on the 7th day of January, 2021, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system which will send notification of such filing to the following CM/ECF participants: Lynn Coyle and Christopher Benoit, *Attorneys for Plaintiff*.

/s/ Manuel Romero
**MANUEL ROMERO**
Assistant United States Attorney