**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF TEXAS**
**EL PASO DIVISION**

| | | |
|---|---|---|
| **ROBERT MOORE** | § | |
| **Plaintiff,** | § | |
| | § | |
| **v.** | § | **EP-19-CV-00279-DCG** |
| | § | |
| **U.S. IMMIGRATION AND CUSTOMS** | § | |
| **ENFORCEMENT; U.S. CUSTOMS AND** | § | |
| **BORDER PROTECTION; AND** | § | |
| **U.S. DEPARTMENT OF HEALTH** | § | |
| **AND HUMAN SERVICES,** | § | |
| **Defendants.** | § | |

**DEFENDANT CBP'S RESPONSE TO**
**PLAINTIFF'S MOTION FOR JUDGMENT ON THE PLEADINGS**

Defendant, United States Customs and Border Protection (CBP), respectfully files this Response to Plaintiff's Motion for Judgment on the Pleadings, in the above-entitled and numbered cause and would respectfully show the Court the following:

Plaintiff, Robert Moore, filed a motion for judgment on the pleadings under Rule 12(c) of the Federal Rules of Civil Procedure. ECF No. 26, p. 1. Plaintiff claims Defendant's Answer establishes Plaintiff's right to relief under FOIA. *Id*. at p. 2.[1] Plaintiff asserts "all the elements of Plaintiff's *prima facie* case under the FOIA are admitted in the pleadings." *Id*. at p. 5. Specifically, Plaintiff asserts that Defendants have either "expressly admitted or have not denied that Plaintiff submitted request for records … but Defendants have failed to release the documents or provide the determination required by the statute. *Id.* at p. 3.[2] In Plaintiff's view, he has met his *prima facie*

---

[1] Freedom of Information Act (FOIA).

[2] Plaintiff asserts his claims against all defendants in this lawsuit. The instant response is limited to Defendant CBP. *See* ECF No. 73, pp. 12-13, n.3.

burden to prove his claim under the FOIA and Defendant should be ordered to immediately disclose the requested documents. *See* ECF No. 26, p. 6.

Defendant asserts its admissions simply go to whether Plaintiff exhausted his administrative remedies prior to filing the instant lawsuit. As will be discussed in greater detail below, exhaustion of administrative remedies under FOIA does not equate to entitlement of relief. Accordingly, material factual issues remain for this Court to determine during the merits phase of the case. At the merit stage, the Court will likely be asked to determine whether Defendant improperly withheld records.

**Legal Standard**

"After the pleadings are closed—but early enough not to delay trial—a party may move for judgment on the pleadings." Fed. R. Civ. P. 12(c). "The moving party must show that no material issue of fact remains to be solved and that it is entitled to judgment as a matter of law. When considering a Rule 12(c) motion, the court will accept as true the allegations in the non-moving party's pleadings, and will draw all reasonable inferences in that party's favor." *Judicial Watch, Inc. v. U.S. Dep't of Energy*, 888 F. Supp. 2d 189, 191-92 (D.D.C. 2012) (internal citations omitted). A motion on the pleadings under Rule 12(c) is governed by the same standard as a motion to dismiss under Rule 12(b)(6). *Massey v. Ojaniit*, 759 F.3d 343, 353 (4th Cir. 2014); *Butler v. United States*, 702 F.3d 749, 751–52 (4th Cir. 2012) (applying the 12(b)(6) standard to the plaintiff's motion for judgment on the pleadings). "A Rule 12(c) motion … does not resolve the merits of the plaintiff's claims or any disputes of fact." *Drager v. PLIVA USA, Inc.*, 741 F.3d 470, 474 (4th Cir. 2014). Stated another way, like a Rule 12(b)(6) motion, a Rule 12(c) motion "does not resolve contests surrounding the facts, the merits of a claim, or the applicability of defenses." *Edwards v. City of Goldsboro*, 178 F.3d 231, 243 (4th Cir. 1999).

## Argument

### A. Exhaustion of Administrative Remedies

The FOIA requires exhaustion of administrative remedies prior to seeking judicial review. *Voinche v. F.B.I.*, 999 F.2d 962, 963 (5th Cir. 1993). An agency's failure to comply with the twenty (20) day determination timeframe outlined in 5 U.S.C. § 552(a)(6)(A), simply provides the requester with a direct path to judicial review through the concept of "constructive exhaustion" of administrative remedies. *Coleman v. Drug Enf't Admin*, 714 F.3d 816, 823-24 (4th Cir. 2013); 5 U.S.C. § 552 (a)(6)(C)(i). *See also Citizens for Responsibility & Ethics in Washington v. Fed. Election Comm'n,* 711 F.3d 180, 189 (D.D. Cir. 2013) ("If the agency does not adhere to FOIA's explicit timelines, the 'penalty' is that the agency cannot rely on the administrative exhaustion requirement to keep cases from getting into court").

Plaintiff's Motion for Judgment on the Pleadings points to various admissions by CBP to support his claim for relief and assert that CBP has conceded to Plaintiff's claims. ECF No. 26, pp. 3-4. However, CBP's admissions simply go to Plaintiff's assertion that because of CBP's failure "to comply with the Act's time limit … Plaintiff has constructively exhausted his administrative remedies." ECF No. 1, ¶ 56. In its Answer, CBP did not assert that Plaintiff failed to exhaust his administrative remedies. *See* ECF No. 15, p. 13. Plaintiff's ability to overcome any exhaustion defense does not mean that CBP is in violation of the FOIA by improperly withholding agency records. *See* 5 U.S.C. § 552(a)(4)(B). None of CBP's admissions show CBP has improperly withheld agency records. CBP does not admit to improperly withholding agency records. *See* ECF No. 15, ¶ 55 (responding to ECF No. 1, ¶ 55). CBP has simply admitted that at the time Plaintiff filed suit, CBP had not provided any responsive documents and that more than twenty (20) working days passed since Plaintiff submitted his requests. *Id.*, ¶ 45.

**B. Production of Responsive Documents**

In a FOIA lawsuit, the courts can grant a requester relief only when an agency has *improperly* withheld agency records. *See* 5 U.S.C. § 552(a)(4)(B) (emphasis added). "[F]ederal jurisdiction is dependent upon a showing that an agency has (1) 'improperly'; (2) 'withheld'; (3) 'agency records'" and that "[j]udicial authority to devise remedies and enjoin agencies can only be invoked, under the jurisdictional grant conferred by § 552, if the agency has contravened all three components of this obligation." *Kissinger v. Reporters Comm. for Freedom of the Press*, 445 U.S. 136, 150 (1980). As noted above, CBP has not admitted to improperly withholding agency records. On the contrary, CBP denies Plaintiff is entitled to the relief he seeks. ECF No. 15, p. 13.

Plaintiff bases his Motion for Judgment on the Pleadings on the admissions from CBP's Answer. ECF No. 26, pp. 2-3. However, since the filing of Plaintiff's Motion for Judgment on the Pleadings, the Court has reviewed and addressed the timeliness of CBP's production and whether exceptional circumstances exist to support any delays in production. *See* ECF No. 73. These were factual issues that extended beyond CBP's Answer. While tardiness would violate FOIA, it only becomes actionable when "some policy or practice" also undergirds it. *Muttitt v. Dep't of State,* 926 F.Supp.2d 284, 293 (D.D.C. 2013). This aligns with the rule that the sole "penalty" for mere procrastination is that "the agency cannot rely on the administrative exhaustion requirement to keep cases from getting into court." *Citizens for Responsibility & Ethics in Wash.*, 711 F.3d at 189. Courts have thus recognized a plaintiff "cannot rest on the mere fact of delay alone to establish a claim." *Judicial Watch, Inc. v. United States Dep't of Homeland Sec.*, 211 F.Supp.3d 143, 147 (D.D.C. 2016), rev'd and remanded, 895 F.3d 770 (D.C. Cir. 2018). *But see also Gilmore v. U.S. Dep't of Energy*, 33 F.Supp.2d 1184, 1187 (N.D. Cal. 1998).

Here, in denying CBP's request for a new *Open America* stay, the Court found that CBP "failed to exercise due diligence in processing Plaintiff's FOIA requests." ECF No. 73, p. 12. The Court did however grant CBP's request for an extension of the finite production schedule, although not the one it proposed. *Id*., p. 13. The questions of exhaustion, timely production, and whether an *Open America* Stay is merited, does not address the question of whether agency records have been improperly withheld. *See Lake Travis Transitional Medical Ctr. v. United States Dep't of Hous. & Urban Dev.,* A-10-CA-950-SS, 2011 WL 13152494, at *9 (W.D. Tex. June 8, 2011) ("Although the Court has concluded Defendant has failed to meet its burden to show the documents were correctly withheld, this does not inevitably imply Plaintiff has established as a matter of law the documents were improperly withheld."). To date, there is nothing in the records that establishes that CBP has improperly withheld records.

CBP continues processing records responsive to Plaintiff's FOIA request. As attested to by Chief of CBP's FOIA Division, as of January 22, 2021, the FOIA Division has reviewed 1,457 documents within 126 files containing 50,045 pages for FOIA request CBP-2019-0102011. The FOIA Division previously reported that it had released 173 pages of records in partially redacted form.[3] *See* ECF No. 67, p. 13, ¶¶ 6-7. To date, Plaintiff has not contested the portions of the released records that were redacted based on FOIA exemptions claimed by CBP. This Court has not been asked to determine whether any of CBP's redactions or withholding of responsive records amounts to an improper withhold of agency records. That will be a question of material fact should Plaintiff choose to challenge any exemptions claimed or redactions made by CBP. Thus, a Rule 12(c) motion is inappropriate in this case and Plaintiff's Motion for Judgment on the Pleadings should be denied.

[3] 112 plus 61 equals 173 pages released. *See* ECF No. 67, p. 13, ¶¶ 6-7.

Respectfully submitted,

**GREGG N. SOFER**
UNITED STATES ATTORNEY

/s/ Manuel Romero
**MANUEL ROMERO**
Assistant United States Attorney
Texas State Bar No. 24041817
700 E. San Antonio, Ste. 200
El Paso, Texas 79901
Office: (915) 534-6555
Facsimile: (915) 534-3490
Email: manuel.romero@usdoj.gov
*Attorneys for Defendants*

## CERTIFICATE OF SERVICE

I hereby certify that on the 26th day of January, 2021, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system which will send notification of such filing to the following CM/ECF participants: Lynn Coyle and Christopher Benoit, *Attorneys for Plaintiff*.

/s/ Manuel Romero
**MANUEL ROMERO**
Assistant United States Attorney