IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
EL PASO DIVISION

| | | |
|---|---|---|
| ROBERT MOORE<br>Plaintiff, | §<br>§<br>§ | |
| v. | §<br>§ | |
| U.S. IMMIGRATION AND CUSTOMS ENFORCEMENT; U.S. CUSTOMS AND BORDER PROTECTION; AND U.S. DEPARTMENT OF HEALTH AND HUMAN SERVICES,<br>Defendants. | §<br>§<br>§<br>§<br>§<br>§ | EP-19-CV-00279-DCG |

**PLAINTIFF'S REPLY TO DEFENDANT CUSTOMS AND BORDER PROTECTION'S RESPONSE TO PLAINTIFF'S MOTION FOR JUDGMENT ON THE PLEADINGS**

Plaintiff filed his Motion for Judgment on the Pleadings (Motion for Judgment) in December 2019. [ECF No. 26]. Defendant CBP's deadline to respond to the Motion for Judgment was stayed for over a year until the Court's order of January 12, 2021. [ECF No. 73]. CBP filed its response on January 26, 2021. [ECF No. 79]. This Court held that it will "rule on the motion only if CBP fails to meet its deadlines or other commitments . . ." [ECF No. 73, p. 13 fn4]. As such, Plaintiff hereby files his reply to CBP's Response to Plaintiff's Motion for Judgment.

CBP admitted in its response – and indeed the Court has been presented with a voluminous record – that CBP blew all meaningful deadlines under the Freedom of Information Act (FOIA) and has still failed to produce responsive documents over two and a half years after the first request was made by Plaintiff. [ECF No. 79 p. 3-4].[1] Casting those admissions aside, CBP simply argues that there are no consequences under the FOIA for failing to produce responsive documents for

[1] Plaintiff also assumes, as per the Court's order, that if the Court is ruling on Plaintiff's Motion for Judgment, CBP has again missed the deadlines imposed by this Court.

over two and a half years – other than giving Plaintiff a ticket to the courthouse under 5 U.S.C. § 552(a)(6)(A)(i) and § 552(a)(6)(B)(i). [*Id.* at p. 3-5].

In fact, when Plaintiff filed his Motion for Judgment over a year ago, he asserted – and Defendant does not deny – that CBP's intransigence violated the "Promptly Available" Requirement under 5 U.S.C. § 552(a)(3)(A). A violation of the "Promptly Available" Requirement constitutes "improper withholding." *Info. Network for Responsible Mining ("INFORM") and Colo. Envtl. Coal. v. Bureau of Land Mgmt.*, 611 F. Supp. 2d 1178, 1183 (D. Colo. 2009) ("I find the BLM violated FOIA by failing to comply with this statutory deadline and that this failure resulted in an improper withholding under FOIA."). The "Promptly Available" Requirement gives the Court the clear power to grant a motion for judgment on the pleadings and order a court-supervised production schedule – something the Court has already done through its handling of CBP's *Open America* Motion. [ECF No. 73].

CBP's argument is misplaced because it ignores the plain language and intent of the FOIA. Because timeliness is a crucial component of access to information, the FOIA provides agencies with a default standard of twenty working days to make a determination about whether to comply with the request and to notify the requester about the decision. *See* 5 U.S.C. § 552(a)(6)(A)(i). When an agency fails to abide by statutory time limits, the requester is deemed to have exhausted her administrative remedies and may file suit in district court. 5 U.S.C. § 552(a)(6)(C). In this, Plaintiff and CBP agree. These are the constructive exhaustion requirements.

However, the FOIA goes on to require prompt production. Following the determination, agencies must "make the records promptly available." 5 U.S.C. § 552(a)(3)(A). The FOIA then provides the Court with jurisdiction to enjoin an agency from withholding records and to compel

the agency to produce improperly withheld records. 5 U.S.C. § 552(a)(4)(B) – including those which have been withheld in violation of the "Promptly Available" Requirement.

The FOIA unequivocally gives the Court, upon violation of these provisions, the power to use its enforcement authority to "oversee and supervise the agency's progress." *Seavey v. U.S. Dep't of Justice*, 266 F. Supp. 3d 241, 244–45 (D.D.C. 2017) (citing *Clemente v. Fed. Bureau of Investigation,* 71 F.Supp. 3d 262, 269 (D.D.C. 2014) (a court "may use its equitable powers to require the agency to process documents according to a court-imposed timeline.")). This authority arises from the agency's violation of the "Promptly Available" Requirement. And this is precisely what has occurred here.

The plain language and legislative history of the FOIA make clear that agency records must be "promptly available" and that courts must exercise their powers to enforce the timing requirements of the law. Courts define "withholding" as something in which the "net effect is to impair the requester's ability to obtain the records *or significantly to increase the amount of time he must wait to obtain them*." *Electronic Privacy Information Center v. National Sec. Agency,* 795 F. Supp. 2d 85 (D.D.C 2011) (quoting *McGehee v. CIA*, 697 F.2d 1095, 1110 (D.C. Cir. 1983)) (emphasis added).

Logically, failing to make requested documents "promptly available" qualifies as an improper withholding under the FOIA. *See, e.g., INFORM,* 611 F. Supp. 2d 1178, 1183; *Oregon Natural Desert Ass'n v. Gutierrez,* 409 F.Supp.2d 1237, 1248 (D. Or. 2006) ("defendants failed to make a timely determination, resulting in an improper withholding under the Act."). *See also, Fiduccia v. U.S. Dept. of Justice,* 185 F.3d 1035, 1041 (9th Cir. 1999) *and Seavey,* 266 F. Supp. 3d at 245 (citing *Clemente,* 71 F.Supp. 3d at 269) ("unreasonable delays in disclosing non-exempt

documents violate the intent and purpose of the FOIA, and the courts have a duty to prevent [such] abuses.") (internal citations omitted).

The legislative history supports an understanding that Congress foresaw delays in production of responsive records to requesters as something that violates the FOIA. *See* S. Rep. No. 110-59, at 4, footnote 3 (2007). Every time Congress has made amendments to the FOIA, it has addressed the lack of timeliness of government agencies to respond to requesters. For example, in 1996, Congress amended the FOIA noting with concern that requests could take over two years in some cases, were described as "intolerable" and "not the level of customer service the American people deserve from their public servants," forming the catalyst behind the amendments. *See* 108 Cong. Rec. 76, 88 (daily ed. July 28, 1995) (statement of Sen. Leahy) (emphasis added). *See also* 104 Cong. Rec. 47, 51 (daily ed. Sept. 17, 1996) (statement of Rep. Maloney); S. Rep. No. 104-272, at 10 (1996) ("The bill is also intended to promote agency compliance with statutory time limits. Chronic delays in receiving responses to FOIA requests are the largest single complaint of persons using the FOIA to obtain Federal agency records and information."). Again, in 2007, Congress took to abrogating the Supreme Court decision *Buckhannon Board and Care Home, Inc. v. West Virginia Dep't of Health and Human Resources,* 532 U.S. 598 (2001), which created incentives for agencies to delay compliance. *See* S. Rep. No. 110-59, at 4 (2007). Congress did so to "restore[] meaningful deadlines for agency action." *Id,* at 3. In 2015, Congress again addressed amendments to combat chronic violations of the FOIA's time limits. S. Rep. No. 114-4, at 2 (2015).

While it is true that Congress gave the requester constructive exhaustion of administrative remedies, when the agency "fails to comply with applicable time limit provisions," the Act does not stop there. *See* 5 U.S.C. § 552(a)(6)(C)(i). Rather, Congress gave courts the power to "order the production of agency records." 5 U.S.C. § 552(a)(4)(B). By giving full effect to the constructive

exhaustion clause, but not the production clause, the constructive exhaustion clause would have no practical effect. It would render the "Promptly Available" Requirement as surplus verbiage – something that is not permitted under the plain meaning of the statute. *U.S. v. Rabanal,* 508 F.3d 741, 743 (5th Cir. 2007) (citing *U.S. v. Solis-Campozano,* 312 F.3d 164, 167 (5th Cir. 2002)(the "plain meaning controls unless it leads to an absurd result.") (internal citations omitted). *See also Franciscan All., Inc. v. Burwell*, 227 F. Supp. 3d 660, 690 (N.D. Tex. 2016) (citing *Taniguchi v. Kan Pac. Saipan, Ltd.,* 566 U.S. 560 (2012) (the court must give "effect to every word of the statute.") (internal citations omitted).

CBP's reliance on *Citizens for Responsibility & Ethics in Washington (CREW) v. Fed. Election Comm'n*, 711 F.3d 180, 190 (D.C. Cir. 2013)*, Muttitt v. Dep't of State,* 926 F.Supp. 2d 284, 293 (D.D.C. 2013)*, and Judicial Watch, Inc. v. U.S. Dep't of Homeland Sec.,* 211 F.Supp. 3d 143, 147 (D.D.C. 2016) are misplaced. These courts never addressed whether the "Promptly Available" Requirement constitutes "improper withholding." *CREWS* never addressed whether the "Promptly Available" Requirement constituted improper withholding. 711 F.3d at 190. It dealt, appropriately, with the threshold question of whether failure to timely provide a determination letter to a requester constitutes "exhaustion of remedies" under 5 U.S.C. 552(a)(6)(A)(i) (it does). *Id*. Similarly, the court in *Muttitt* assessed under what circumstances it could take action against time violations under 552(a)(6)(A) – the separate expedited processing provision. 926 F.Supp. 2d at 293. Finally, the court in *Judicial Watch* addressed whether violation by the defendant of the constructive exhaustion clause can be a basis for injunctive action. 211 F.Supp. 3d at 147. The court's decision, which was later overturned, never addresses whether a violation of 5 U.S.C. § 552(a)(3)(A) constitutes improper withholding under the Act – the question at hand here. *Id., rev'd and remanded,* 895 F.3d 770 (D.C. Cir. 2018).

Defendant cannot point to a single decision in which a court found that violations of the "Promptly Available" Requirement is not subject to judicial oversight as Congress clearly intended it to be.

For these reasons, Plaintiff respectfully requests that this Court grant his Motion for Judgment on the Pleadings. In the alternative, Plaintiff understands that the Court will still consider any disputed facts regarding Defendant's withholdings as part of a bench trial. As this Court said, "if CBP misses the agreed-upon final production deadline, the Court shall hold a bench trial shortly thereafter." [ECF No. 73, p. 14].

Date: February 2, 2021

Respectfully submitted,

THE LAW OFFICE OF LYNN COYLE, PLLC
2515 N. Stanton Street
El Paso, Texas 79902
Telephone: (915) 532-5544
Facsimile: (915) 532-5566

/s/ Christopher Benoit
CHRISTOPHER BENOIT
Texas State Bar No. 24068653
chris@coylefirm.com
LYNN COYLE
Texas State Bar No. 24050049
lynn@coylefirm.com

*Attorneys for Plaintiff*

**CERTIFICATE OF SERVICE**

I hereby certify that on February 2, 2021 I electronically filed the foregoing document with the Clerk of the Court using the CM/ECF system which will send notification of such filing to attorneys of record for Defendants, in accordance with the Federal Rules of Civil Procedure.

/s/ Christopher Benoit
CHRISTOPHER BENOIT