UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
EL PASO DIVISION

| | |
|---|---|
| **ROBERT MOORE,** § | |
| § | |
| *Plaintiff*, § | |
| § | |
| v. § | EP-19-CV-00279-DCG |
| § | |
| **U.S. IMMIGRATION AND CUSTOMS** § | |
| **ENFORCEMENT; U.S. CUSTOMS AND** § | |
| **BORDER PROTECTION; AND U.S.** § | |
| **DEPARTMENT OF HEALTH AND** § | |
| **HUMAN SERVICES,** § | |
| § | |
| *Defendants*. § | |

## MEMORANDUM ORDER

Presently pending before the Court is Plaintiff Robert Moore's ("Plaintiff") " Opposed Motion for Entry of Proposed Order Setting Finite Production Schedule for Defendant Customs and Border Protection" (ECF No. 77) [hereinafter "Plaintiff's Motion"], filed on January 25, 2021. Also pending before the Court are Defendant United States Customs and Border Protection's ("CBP") "Opposed Motion for Extension to File Joint Proposed Finite Production Schedule and Joint Proposed Second Amended Scheduling Order" (ECF No. 78) [hereinafter "CBP's Motion"], also filed on January 25, 2021, and "Opposed Amended Motion for Extension to File Joint Proposed Finite Production Schedule and Joint Proposed Second Amended Scheduling Order" (ECF No. 80) [hereinafter "CBP's Amended Motion"], filed on January 26, 2021. After due consideration, the Court **DENIES** all of the motions above.

On January 12, 2021, the Court ordered the parties to "CONFER and JOINTLY FILE a proposed finite production schedule for both of Plaintiff's relevant FOIA requests" and to do the same for a "proposed second amended scheduling order" by January 25, 2020. Mem. Op. and Order at 14, ECF No. 73. The Court expressly warned the parties that if they were unable to

reach an agreement on the deadlines for the proposed finite production schedule and second amended scheduling order, that the Court would impose its own. *Id.* at 13.

The parties conferred on January 19, 2021, to discuss the manner in which they could revise search terms for FOIA Request No. CBP-2019-010211 (November Request). But during their conference, according to Plaintiff, CBP failed to mention anything about its Clearwell server[1] not being available to process the November Request. Pl.'s Mot. at 1, ECF No. 77. Specifically, as CBP details in its January 22 Status Report:

> a subsequent issue occurred which effects [sic] CBP's ability to use Clearwell in performing refined searches of data. . . . CBP made an agency wide decision to run an uninstall of Adobe Flash, which Clearwell version 9.1 relies upon. . . . The OIT group which processes e-mail has requested a change request to upgrade to Clearwell version 9.5, which does not require Adobe Flash to work. . . . The OIT advises the earliest date this change request upgrade can be processed is January 29, 2021. . . . No refined searches can occur until the Clearwell upgrade is completed.

Jan. 22, 2021 Status Report, ECF No. 75 at 1. Simply put, CBP states that, due to the Adobe Flash uninstall and the resulting technical issues, it will not be able complete the revised search using the terms that Plaintiff proposed until February 12, 2021. *Id.* at 2. Hence, CBP filed its instant motions seeking an extension for the parties to confer and jointly file the proposed finite production schedule and second amended scheduling order by February 19, 2021. CBP's Mot. at 2, ECF No. 78; CBP's Am. Mot. at 4, ECF No. 80.

In response, Plaintiff filed his instant motion opposing such relief and asking the Court to enter a finite production schedule for the November Request with a deadline of March 31, 2021, and one for request CBP-2018-0645544 (June Request) with a deadline of April 10, 2021, as well as a second amended scheduling order with a bench trial scheduled on May 10, 2021, in

---

[1] CBP's Clearwell server is the main operational software that the agency uses to process electronic FOIA requests.

case CBP fails to comply with either of the production schedule deadlines.  Pl.'s Mot at 3; *see also* ECF No. 76 (Plaintiff's proposed deadlines).

Plaintiff opposes CBP's instant motions because he finds that CBP's explanations lack credibility.  First, Plaintiff contends that the Clearwell update should not impact CBP's ongoing review of the November Request because the record shows that the agency could finish reviewing it by March or April 2021 without any further refined search.  Pl.'s Mot at 2.  In other words, Plaintiff contends that CBP is tying its own hands: its explanation for its inability to continue reviewing any potentially responsive document to the November Request hinges on the fact that the parties agreed on a refined term search that would itself help reduce CBP's workload.  *Id.*, n.2.  But for the parties' agreement on the refined search terms, Plaintiff contends, CBP would continue reviewing the potentially responsive documents it has already found relevant to the November Request.  *Id.*

Second, Plaintiff avers that if CBP was able to estimate that the update would delay the litigation for a month, then there is no reason as to why it would not just take that month into account when conferring with Plaintiff about the proposed deadlines to be presented to the Court. *Id.* at 2–3.  Third, Plaintiff disbelieves that CBP, which itself has previously represented to the Court that it does not make hardware, information technology, or procurement decisions from one day to the next[2], would abruptly decide to uninstall a software program on which its

---

[2] Specifically, on December 28, 2020, Mr. Patrick Howard, the Branch Chief of CBP's FOIA Division, stated in a declaration that

> CBP can not [sic] simply purchase pro rata licenses to handle large pulls. Procurement in the government is not the same as the private sector, there is a process that must be followed, multiple quotes must be solicited, and the licenses are expensive. CBP operates on an approved government budget, they can not [sic] simply purchase more licenses without first locating money to do so, then going through multiple steps and levels of approval before any purchase can be made. These monetary requests must compete with

Clearwell server necessarily depends and disable its ability to process any FOIA request for several weeks. *Id.* at 3 (citing ECF No. 67, Ex. 2 ¶10). And fourth, Plaintiff contends CBP should have anticipated the technical issues resulting from uninstalling Adobe Flash, as Adobe—the software developer—gave warning to all users in September 2019 to remove the dependency on that program by December 2020 because the program would be effectively obsolete by then. Pl.'s Resp. in Opp'n at 1–2, ECF No. 83.

While the Court has no reason to dismiss the valid concerns Plaintiff raises in his briefing, these concerns present factual disputes which the Court can appropriately address during an evidentiary hearing with the benefit of witness testimony and evidence. One such hearing is currently set for March 2, 2021. *See* Mem. Op. and Order at 14–15.

However, the Court agrees with Plaintiff that CBP should have advised the Court in its January 15 status report about its intention to perform the uninstall of Adobe Flash and the

---

> other requests from all CBP offices and must be prioritized based on the overall CBP mission.

ECF No. 67, Ex. 2 ¶ 10. But notably, on January 15, 2021 (three days after the Court entered its Memorandum Opinion and Order), Mr. Howard stated in another declaration that

> CBP's Office of Information Technology advised that they were able to facilitate the purchase of an additional five terabytes of processing licenses. The licenses have not been uploaded for use but this is anticipated to occur very soon. Once these licenses are uploaded, OIT should be able to make the second search available to the FOIA division.

ECF No. 74, Ex. 1 ¶ 9.

As Plaintiff notes, Mr. Howard's latter statement may appear to contradict his former because CBP was able to finally remedy its lack of share drive space required to process the June Request—which has plagued the agency since the start of the litigation—only *three days* after the Court denied CBP's motion for a new *Open America* stay and ordered judicial proceedings against it to proceed. *See, e.g.*, Feb. 24, 2020 Status Report at 2, ECF No. 32; Apr. 3, 2020 Status Report at 2, ECF No. 35; May 4, 2020 Status Report at 2, ECF No. 37; July 6, 2020 Status Report at 2, ECF No. 44; Aug. 5, 2020 Status Report at 2, ECF No. 50; CBP's Opposed Mot. for *Open America* Stay and Extension of Finite Production Schedule at 5, ECF No. 59 ("The FOIA Division lacks available space on its shared drive to permit CBP's Office of Information Technology (OIT) to transfer the files to the FOIA office for review."); *see also* Mem. Order at 9, ECF No. 51 ("Nothing from the record indicates or suggests what kind of efforts CBP has taken to solve this lack of space—much less, whether CBP has taken any efforts at all to solve it.").

Clearwell update. The specific purpose behind the weekly status reports is to offer CBP an opportunity to be fully transparent with its work and progress on processing Plaintiff's FOIA requests. Regardless if the technical issues it is currently experiencing were unexpected, CBP could have reasonably anticipated that these activities would have at least some direct impact on its ability to process Plaintiff's FOIA requests. Indeed, the Court's Memorandum Opinion and Order expressly ordered CBP to "detail [its] progress and *developments* in processing both Plaintiff's FOIA requests" in its weekly status reports and accompanying declarations. Mem. Op. and Order at 14 (emphasis added). That is, to fully comply with the Court's order, CBP's weekly status reports and accompanying declarations must report not only what the agency did during the preceding week, but also what relevant actions it intends to take, if any, that would have some impact on processing Plaintiff's FOIA requests.

In conclusion, the Court will set the finite production deadlines as follows: (1) June 14, 2021, for the November Request; and (2) June 21, 2021, for the June Request. The Court leaves the parties all other specifics of the production schedule (*i.e.*, conferences to refine search terms, partial disclosures, etc.) for them to coordinate. Accordingly, the Court shall hold a pretrial conference on June 24, 2021, and a bench trial on Plaintiff's claims against CBP on June 28, 2021, in case the agency misses either or both of these two production deadlines.[3]

**IT IS THEREFORE ORDERED** that Plaintiff Robert Moore's " Opposed Motion for Entry of Proposed Order Setting Finite Production Schedule for Defendant Customs and Border Protection" (ECF No. 77), and Defendant United States Customs and Border Protection's ("CBP") "Opposed Motion for Extension to File Joint Proposed Finite Production Schedule and Joint Proposed Second Amended Scheduling Order" (ECF No. 78) and "Opposed Amended

---

[3] The Court shall issue its "Second Amended Scheduling Order" in a separate order.

Motion for Extension to File Joint Proposed Finite Production Schedule and Joint Proposed Second Amended Scheduling Order" (ECF No. 80) are **HEREBY DENIED.**

    **IT IS FURTHER ORDERED** that CBP:

(1) **SHALL** produce all responsive documents to Request No. CBP-2019-010211 and corresponding Vaughn indexes to Plaintiff Robert Moore by **June 14, 2021.**

(2) **SHALL** produce all responsive documents to Request No. CBP-2018-064544 and corresponding Vaughn indexes to Plaintiff Robert Moore by **June 21, 2021.**

**So ORDERED and SIGNED this 5th day of February 2021.**[4]

_____
DAVID C. GUADERRAMA
**UNITED STATES DISTRICT JUDGE**

---

[4] This Order does not supersede any of the previously issued Orders or any of their mandates.