UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
EL PASO DIVISION

| | |
|---|---|
| ROBERT MOORE,<br>    Plaintiff,<br><br>v.<br><br>U.S. IMMIGRATION AND CUSTOMS<br>ENFORCEMENT; U.S. CUSTOMS AND<br>BORDER PROTECTION; AND<br>U.S. DEPARTMENT OF HEALTH<br>AND HUMAN SERVICES,<br>    Defendant. | EP-19-CV-00279-DCG |

## DEFENDANT'S PROPOSED FINDINGS OF FACT AND CONCLUSIONS OF LAW

Defendant, United States Customs and Border Protection (CBP), submits these proposed Findings of Fact and Conclusions of Law with regards to Plaintiff's allegations under the Freedom of Information Act (FOIA).

**FINDINGS OF FACT[1]**

1. In January 2020, after the CBP FOIA Division deemed Plaintiff's request CBP-2018-064544 as overly broad, the parties conferred and narrowed the search parameters of Plaintiff's request. The search identified 287 Gigabytes of data containing approximately 520 files of potentially responsive records.

2. In February 2021, prior to CBP producing any responsive records to Plaintiff's FOIA request CBP-2018-064544, the parties again conferred and refined the search parameters.

3. After this second refined search, the parties again conferred on refining search terms further. The parties agreed to refine the search parameters by identifying various positions within

---

[1] The Parties have submitted their list of stipulated facts. *See* ECF No. 125, pp. 4-5. Defendant incorporates the stipulated facts as if fully set forth herein.

CBP's El Paso Field Office Management Structure that may be custodians of responsive records. A total of 81 custodians were identified as potentially having responsive records to Plaintiff's FOIA request CBP-2018-064544.

**CONCLUSIONS OF LAW**

1. The FOIA requires federal agencies to make their records promptly available to any person who makes a proper request for records. 5 U.S.C. § 552(a)(3)(A).

2. Defendant CBP is an agency component of the U.S. Department of Homeland Security (DHS) and a "agency" within the meaning of section 552. 5 U.S.C. § 552(f)(1).

3. The FOIA seeks "to establish a general philosophy of full agency disclosure unless information is exempted under clearly delineated statutory language." *N.L.R.B. v. Sears, Roebuck & Co.*, 421 U.S. 132, 149 (1975).

4. Under FOIA Exemption 7(E), an agency can withhold records or information compiled for law enforcement purposes that would disclose techniques and procedures for law enforcement investigations or prosecutions, or would disclose guidelines for law enforcement investigations or prosecutions if such disclosures could reasonably be expected to risk circumvention of the law. 5 U.S.C. § 552(b)(7)(E).

5. FOIA incorporated those privileges which the government enjoys in pretrial discovery under relevant statues and case law. *See United States v. Weber Aircraft Corp.*, 465 U.S. 792, 799 (1984).

6. When the government withholds information from disclosure under FOIA, the agency has the initial burden of proving whether an exemption applies. *See Batton v. Evers*, 598 F.3d 169, 175 (5th Cir. 2010). *See also Nat'l Parks & Conservation Ass'n v. Kleppe*, 547 F.2d 673, 679 n.20 (D.C. Cir. 1976).

7. Agency declarations or testimony are entitled to a presumption of good faith. *See U.S. Dep't of State v. Ray,* 502 U.S. 164, 179 (1991).

8. The FOIA directs district courts to review *de novo* any disputes as to whether FOIA exemptions were properly invoked by an agency. *See Avondale Indus., Inc. v. N.L.R.B.*, 90 F.3d 955, 958 (5th Cir. 1996).

9. "[A]n agency's justification for invoking a FOIA exemption is sufficient if it appears 'logical' or 'plausible.'" *Media Rsch. Ctr. v. U.S. Dep't of Just.,* 818 F. Supp. 2d 131, 137 (D.D.C. 2011) (quoting *Larson v. Dep't of State*, 565 F.3d 857, 862 (D.C. Cir. 2009)).

10. When "analyzing the affidavits and declarations submitted by the government, the agency is entitled to a 'presumption of legitimacy' unless there is evidence of bad faith in handling the FOIA request." *Batton*, 598 F.3d at 176 (citing *Ray*, 502 U.S. at 179).

11. "Where an agency 'specializes in law enforcement, its decision to invoke exemption 7 is entitled to deference.'" *Barnard v. Dep't of Homeland Security*, 598 F. Supp. 2d 1, 14 (D.D.C. 2009).

Findings of Fact herein may be considered as Conclusions of Law, if appropriate, and vice versa.

Respectfully submitted,

**ASHLEY C. HOFF**
UNITED STATES ATTORNEY

/s/ Manuel Romero
**MANUEL ROMERO**
Assistant United States Attorney
Texas State Bar No. 24041817
700 E. San Antonio, Ste. 200
El Paso, Texas 79901
Office: (915) 534-6555
Facsimile: (915) 534-6024
Email: manuel.romero@usdoj.gov
*Attorneys for Defendant*

## CERTIFICATE OF SERVICE

I hereby certify that on the 1st day of September, 2021, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system, which will send notification of such filing to the following: Lynn Coyle and Christopher Benoit, The Law Office of Lynn Coyle, P.L.L.C., *Attorneys for Plaintiff.*

/s/ Manuel Romero
**MANUEL ROMERO**
Assistant United States Attorney